# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

---

**BILLY CARTER,**

        **Plaintiff,**

    **v.**                            **Case No. 09-C-0037**

**SEAN COFFEY and**
**JAY WILSON,**

        **Defendants.**

---

## DECISION AND ORDER

The plaintiff, who is incarcerated at New Lisbon Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $4.61.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989);

Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997).   The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.   Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass."   Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted).   In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint.   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).   There is no heightened pleading requirement for pro se prisoner civil rights complaints.   Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004).   Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado."   Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).   The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction.   See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on June 14, 2008, Officer Sean Coffey of the Fitchburg Police Department shot him with a stun gun.   Plaintiff further alleges that Coffey had no good reason

for using the stun gun, that Coffey's actions were motivated by plaintiff's race (black), and that Coffey refused to let paramedics take plaintiff to a hospital after the incident even though plaintiff reported heart problems.  I find that these allegations are adequate to state claims for excessive use of force and provision of inadequate medical care to an arrestee in violation of the Fourth Amendment to the United States Constitution, see Williams v. Rodriguez, 509 F.3d 392, 403 (7th Cir. 2007), and for denial of equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

Plaintiff also names Officer Jay Wilson of the Fitchburg Police Department as a defendant.  Plaintiff alleges that Officer Wilson was present when Officer Coffey shot plaintiff with the stun gun.  However, plaintiff does not include any other allegations against Wilson which might suggest that Wilson violated plaintiff's civil rights.  Merely being present when another officer uses excessive force does not render an officer liable for the other's use of force.  However, a "standby officer" will be found liable if he or she had a realistic opportunity to intervene and prevent the other officer's use of excessive force but failed to do so.  See, e.g., Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000).  Although plaintiff's allegations against Officer Wilson are so sparse that he very nearly fails to state a claim against Wilson, taking his pro se status into account and construing his allegations liberally, I find that he has stated a claim against Officer Wilson for failure to intervene.  Should Wilson need more detail about this claim in order to file an answer or other response to the complaint, he can either serve contention interrogatories on plaintiff or file a motion for a more definite statement.  See Pratt v. Tarr, 464 F.3d 730, 733 (7th Cir. 2006).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil

-3-

Procedure 4.  The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. § 1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3).  Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the attorneys for the opposing parties.  Fed. R. Civ. P. 5(a).  The plaintiff should also retain a personal copy of each document.  If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been properly served.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23 day of April, 2009.


/s_____
LYNN ADELMAN
United States District Judge