UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**BILLY CARTER,**
   **Plaintiff,**

v.                       Case No. 09-C-0037

**SEAN COFFEY and**
**JAY WILSON,**
   **Defendants.**

## DECISION AND ORDER

Plaintiff Billy Carter, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 and alleges that officers Sean Coffey and Jay Wilson of the Fitchburg Police Department used excessive force against him, deprived him of adequate medical care, and discriminated against him on the basis of his race. Before me now is defendants' motion for summary judgment.

### I. BACKGROUND

The incident giving rise to plaintiff's suit occurred in the early morning hours of Saturday, June 14, 2008, when defendants were approached by a citizen who advised them that two individuals in a nearby parking lot appeared to be intoxicated and in need of assistance. The officers responded and found plaintiff and an intoxicated female in the parking lot. When the officers asked plaintiff for his name and date of birth, plaintiff responded in a manner that caused the officers to believe he was lying. Coffey then advised plaintiff that he was under arrest for obstructing an officer.

As Coffey was advising plaintiff that he was under arrest, Coffey reached for plaintiff's arm. At that point, plaintiff fled. Coffey pursued plaintiff on foot while Wilson got

into a squad car and followed. During the pursuit, Coffey ordered plaintiff to stop running and to get on the ground. Plaintiff disregarded the order and continued running. At some point, plaintiff stopped running but continued to walk away from Coffey. Coffey again told plaintiff to get on the ground. In response, plaintiff said, "You're gonna have to shoot me." Coffey continued to walk behind plaintiff and waited for Wilson to arrive.

When Wilson arrived he parked the squad car and activated the spotlight. He exited the car and observed plaintiff approaching him on the sidewalk. Wilson told plaintiff to stop and get down on the ground, but plaintiff continued to approach Wilson and stated, "You're gonna have to shoot me." Wilson then removed his Taser from his belt and informed plaintiff that unless he stopped, Wilson would use the Taser. Plaintiff did not stop and continued to advance on Wilson. When plaintiff was seven-to-ten feet away from Wilson, Wilson tased plaintiff for five seconds. Plaintiff fell to the ground, and Wilson ordered him to put his hands behind his back. Plaintiff complied with this order, and Wilson then handcuffed plaintiff's hands behind his back.

Immediately after Wilson tased him, plaintiff stated he had a heart murmur and needed medical attention. Coffey then notified dispatch that emergency medical services were needed at the scene. Coffey checked plaintiff's pulse, determined that he was fine, and placed plaintiff in the back of the squad car. When the paramedics arrived, they placed plaintiff on a cardiac monitor and determined that he was in normal, stable condition, and that the officers could transport him to a hospital for further evaluation. Plaintiff then signed a form stating that he was declining ambulance transportation to the hospital.

Pursuant to plaintiff's request, the officers took plaintiff to St. Mary's hospital. An

emergency department physician examined plaintiff and determined that he was fine and could be transported to the Dane County Jail. The officers then brought him to the jail and charged him with resisting arrest and obstructing an officer. Plaintiff was also charged in connection with an outstanding probation violation.

## II. DISCUSSION

A court may grant summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Although the moving party has the initial burden to show that the record presents no genuine issue of material fact, where the moving party has satisfied this burden the nonmoving party "may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). Rather, the nonmoving party must, through the use of affidavits or other discovery materials (such as depositions), "set out specific facts showing a genuine issue for trial." Id.

In the present case, defendants moved for summary judgment and supported their motion with affidavits establishing the facts set forth above. In their motion, defendants advised plaintiff that "[a]ny factual assertions made by these Defendants in their supporting affidavits or other admissible documentary evidence will be accepted by the Court as being true unless the plaintiff submits affidavit(s) or other admissible documentary evidence contradicting the factual assertions made by these Defendants." (Mot. for Summ. J. at 2.) The motion also reproduced the text of Federal Rule of Civil Procedure 56(e)-(f), as well as the language of several local rules of the Eastern District of Wisconsin containing advice

to pro se litigants regarding summary judgment motions.[1]

Plaintiff did not initially respond to defendants' motion, and I issued an order warning him that unless he filed a response within thirty days I would consider the motion unopposed and grant it. In response to my order, plaintiff submitted a one-paragraph letter in which he states that he did not resist the officers and that the officers had no reason to tase him. He further states that the officers interfered with the treatment he received from the paramedics. Plaintiff signed this letter but did not declare under penalty of perjury that it was true; nor was the letter notarized. Thus, the factual assertions made in the letter cannot be used to contradict the factual assertions made by defendants in their affidavits. See Fed. R. Civ. P. 56(e)(2); 28 U.S.C. § 1746.

Defendants filed a reply to plaintiff's letter, pointing out that the factual assertions made in the letter were not supported by affidavits or other discovery materials. Plaintiff then submitted a one-page "statement" in which he again states that the officers had no reason to tase him and that they interfered with his medical treatment. At the end of the statement, plaintiff states, "This is my sworn affidavit." However, he did not sign the statement or have it notarized. Therefore, it is not actually a sworn affidavit and the factual assertions made in this statement cannot be used to contradict the factual assertions made by defendants in their affidavits. See Fed. R. Civ. P. 56(e)(2); 28 U.S.C. § 1746.

Although plaintiff is proceeding pro se and I must construe his filings liberally, I

---

[1] Although I am a district judge for the Eastern District of Wisconsin, the present case is venued in the Western District of Wisconsin and I am sitting as a judge of the Western District by designation. Thus, the Eastern District of Wisconsin local rules do not apply. However, defendants' citation to these rules in their motion was harmless and, in fact, probably assisted plaintiff by providing him with additional information about his responsibilities in opposing a motion for summary judgment.

cannot accept the factual statements made by plaintiff in his unsworn statements. See, e.g., Members v. Page, 140 F.3d 699, 702-03 (7th Cir. 1998) (stating that pro se litigants are not excused from compliance with Federal Rules of Civil Procedure). Thus, plaintiff has not shown that there are genuine issues of material fact, and I must accept the facts as stated by defendants in their affidavits as true. Based on such facts, I conclude that Wilson's use of force was reasonable under the circumstances and that Coffey was not required to intervene to prevent Wilson's use of force. Graham v. Connor, 490 U.S. 386 (1989). I further conclude that the officers provided plaintiff with adequate medical care while he was in their custody. Sides v. City of Champaign, 496 F.3d 820, 827-28 (7th Cir. 2007). Finally, I conclude that defendants did not discriminate against plaintiff based on his race. Chavez v. Illinois State Police, 251 F.3d 612, 635-36 (7th Cir. 2001). Therefore, defendants' motion for summary judgement is **GRANTED**. The clerk of court shall enter judgment accordingly.

    **SO ORDERED** at Milwaukee, Wisconsin this 11 day of March, 2010.

    /s  
    LYNN ADELMAN  
    District Judge